UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: ZIMMER HOLDINGS, INC. SECURITIES, DERIVATIVE AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION | ) ) ) ) ) | Master File No. 1:09-ml-06000-SEB-DML MDL No. 2055 |
| This Document Relates To: | ) ) ) | 1:08-cv-1041 SEB-DML |
| PLUMBERS AND PIPEFITTERS LOCAL UNION 719 PENSION FUND AND CARPENTERS PENSION FUND OF WEST VIRGINIA, Individually and On Behalf of All Others Similarly Situated,<br><br>                     Plaintiffs,<br><br>     vs.<br><br>ZIMMER HOLDINGS, INC., DAVID C. DVORAK AND JAMES T. CRINES,<br><br>                     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT<br><br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

522106_1

**I.    INTRODUCTION**

Defendants present no valid basis for a sur-reply. The proposed sur-reply brief does not contain any argument that was not already made, or could have been made, in the opposition to plaintiffs' motion for leave to amend. Thus, defendants' request to file a sur-reply should be denied.

**II.   ARGUMENT**

Defendants spend approximately six pages of their ten-page proposed Sur-reply repeating assertions from their opposition brief. Sur-reply at 1-3, 6-9 (Dkt. 55-1); *Miller v. IBM World Trade Corp.*, No. 06 Civ 4452 (DLC), 2007 U.S. Dist. LEXIS 16120, at *7 n.4 (S.D.N.Y. Mar. 8, 2007) (rejecting sur-reply which merely repeated arguments from the opposition brief). Plaintiffs have addressed these contentions in their Reply (Dkt. 74). For example, defendants re-contend that plaintiffs cannot rely on previously alleged facts from the original complaint. *Compare* Sur-reply at 2-3 *with* Defs' Opp. (Dkt. 72) at 2, 7-10 ("[plaintiffs] simply repeat, in different forms, factual allegations already addressed in *Zimmer I*"). Plaintiffs responded in their Reply that the proposed Amended Complaint[1] must be reviewed in totality – evaluation of both new and old facts – because defendants' piecemeal *ad hoc* approach is inappropriate under the Supreme Court precedent, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Reply at 1, 4. Defendants' repeated misstatement of the law does not make it correct. Certainly, there is no need for a sur-reply on this black-letter point.

Defendants also use their proposed Sur-reply to reassert that plaintiffs' allegations regarding defendant David C. Dvorak's knowledge about the FDA's 483 observations are vague. Although

---

[1]   "Amended Complaint" or "AC" refers to the proposed First Amended Consolidated Complaint for Violation of the Federal Securities Laws, filed as an attachment to Plaintiffs' Memorandum of Law in Support of Motion to Amend Complaint ("Motion to Amend"), filed on January 15, 2010.

defendants concede that the Amended Complaint establishes that "Dvorak was aware of the FDA's inspection, that he was 'updated' throughout the course of the inspection, and that he had 'access' to a live feed . . . of the inspection," they reassert, irrationally, that these allegations do not provide detail about when and what particular information Dvorak learned. *Compare* Sur-reply at 6-7 *with* Defs' Opp. at 24-27. On this matter, the Amended Complaint contains detailed allegations and plaintiffs' Motion to Amend and Reply contain extensive arguments that the FDA inspector and a percipient witness, CW1, confirm that defendants were informed of the 483 observations before they were issued. AC, ¶¶122-123, 133; Motion to Amend (Dkt. 67) at 12-13; Reply at 3. Similarly, defendants reargue that defendants lacked knowledge of the Dover plant shutdown and that not all 483 observations were related to quality issues. *Compare* Sur-reply at 7 *with* Defs' Opp. at 22; *compare* Sur-reply at 8-9 *with* Defs' Opp. at 19. Again, these arguments, and related allegations, have been thoroughly briefed (AC, ¶¶9, 31, 78-143, 260; Motion to Amend at 8-11, 14; Reply at 5-6, 8) and should not be presented again in a sur-reply. *Miami Valley Contractors, Inc. v. Town of Sunman, Ind.*, 960 F. Supp. 1366, 1371 (S.D. Ind. 1997) ("'[A] sur-reply brief may be overkill and possibly a wasted effort . . . .'") (citing *McDonald v. Schencker*, 18 F.3d 491, 496 (7th Cir. 1994)) (alteration in original).

Additionally, defendants' sur-rebuttals contain inaccurate assertions. Defendants cite to the FDA inspection report to assert, as they did in their opposition, that 483 observations were issued and communicated only on January 29, 2008 because January 29 was an inspection day. Defs' Opp. at 19 n.17; Sur-reply at 7. Defendants are wrong. The Amended Complaint alleges that the inspection took place on various dates in January 2008, and the 483 observations were conveyed throughout those dates. AC, ¶¶118-123; AC, Ex. A at 42. Contrary to defendants' assertion, moreover, the decision in *McGuire v. Dendreon Corp.*, No. C07-800MJP, 2008 U.S. Dist. LEXIS

98773, at *19 n.4 (W.D. Wash. Dec. 5, 2008), does, in fact, address materiality (483 observations would have "alter[ed] the total mix of information available to the reasonable investor[s]").

Defendants also attempt to address in their proposed Sur-Reply plaintiffs' arguments that they failed to address earlier. *See Anthony v. Country Life Mfg., LLC*, 70 Fed. Appx. 379, 384 n.4 (7th Cir. 2003). Defendants for the first time attack allegations based on CW18. Sur-reply at 4. CW18 provided new facts, *i.e.*, that Zimmer had evidence of the Durom Cup's design defect and had a history of ignoring FDA regulations and patient safety. Those facts are alleged in the Amended Complaint and specifically referenced in plaintiffs' Motion to Amend (AC, ¶¶88-91; Motion to Amend at 25 n.7); however, defendants failed to address CW18 until now. Similarly, plaintiffs cited and relied on *Siracusano v. Matrixx Initiatives, Inc.*, 585 F.3d 1167 (9th Cir. 2009), in their Motion to Amend. Motion to Amend at 26. Defendants ignored *Matrixx* in their opposition. Defendants' failure to properly address plaintiffs' arguments in their opposition does not warrant a sur-reply – they are not entitled to a do-over.

Lastly, defendants attempt to couch plaintiffs' reasonable inferences from the alleged facts as mischaracterization and exaggeration of facts, and then claim that "they have not yet had an opportunity to expose [these] exaggerations." Motion for Leave (Dkt. 79) at 2. They are incorrect. As with their opening motion, plaintiffs' Reply brief accurately represents the allegations in the Amended Complaint and the reasonable inferences drawn from the allegations, as required. *See In re Northfield Labs., Inc. Sec. Litig.*, No. 06 C 1493, 2008 U.S. Dist. LEXIS 86804, at *24-*25 (N.D. Ill. Sept. 23, 2008). Plaintiffs' Amended Complaint presents a persuasive, coherent theory of fraud, backed up by specific and detailed factual allegations. Defendants' discomfort with these allegations does not entitle them to a sur-reply. *Ass'n for Disabled Americans, Inc. v. Claypool Holdings, LLC*, No. IP00-0344-C-T/G, 2001 U.S. Dist. LEXIS 23729, at *12 n.3 (S.D. Ind. Aug. 6, 2001) (rejected defendants' sur-reply based on supposed mischaracterization and misrepresentation in plaintiffs'

- 3 -

Reply); *Meraz-Camacho v. United States*, No. 09-cv-13-vis, 2010 U.S. Dist. LEXIS 14270, at *2-*3 (W.D. Wis. Feb. 18, 2010) (sur-reply cannot be used to show "that the facts are not what the other side says they are . . .").

### III.     CONCLUSION

For the foregoing reasons, defendants' motion to file the Sur-reply should be denied.

DATED:  May 7, 2010                                     Respectfully submitted,

                                                        ROBBINS GELLER RUDMAN
                                                          & DOWD LLP
                                                        WILLOW E. RADCLIFFE
                                                        LUKE O. BROOKS
                                                        S. ASHAR AHMED


                                                                s/ S. Ashar Ahmed
                                                              S. ASHAR AHMED

                                                        100 Pine Street, Suite 2600
                                                        San Francisco, CA  94111
                                                        Telephone:  415/288-4545
                                                        415/288-4534 (fax)

                                                        Lead Counsel for Lead Plaintiff Plumbers and
                                                        Pipefitters Local Union 719 Pension Fund, S.D.
                                                        Ind., No. 1:08-cv-01041-DFH-JMS

                                                        COHEN & MALAD, LLP
                                                        IRWIN B. LEVIN
                                                        RICHARD E. SHEVITZ
                                                        SCOTT D. GILCHRIST
                                                        One Indiana Square, Suite 1400
                                                        Indianapolis, IN  46204
                                                        Telephone:  317/636-6481
                                                        317/636-2593 (fax)
                                                        ilevin@cohenandmalad.com
                                                        rshevitz@cohenandmalad.com
                                                        sgilchrist@cohenandmalad.com

                                                        Liaison Counsel for Lead Plaintiff

- 4 -

- 5 -

                                           SUGARMAN & SUSSKIND
                                           HOWARD S. SUSSKIND
                                           100 Miracle Mile, Suite 300
                                           Coral Gables, FL  33134
                                           Telephone:  305/529-2801
                                           305/447-8115 (fax)

                                           Additional Counsel for Lead Plaintiff

522106_1

CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 7, 2010.

s/ S. Ashar Ahmed
S. ASHAR AHMED

ROBBINS GELLER RUDMAN
& DOWD LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

E-mail: aahmed@rgrdlaw.com

522106_1

# Mailing Information for a Case 1:08-cv-01041-SEB-DML

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Sayad Ashar Ahmed**
  aahmed@rgrdlaw.com,JDecena@rgrdlaw.com

- **Matthew Thomas Albaugh**
  matthew.albaugh@bakerd.com,cheryl.lewallen@bakerd.com

- **Jill M. Baisinger**
  jbaisinger@morganlewis.com

- **Luke Brooks**
  LukeB@rgrdlaw.com,JDecena@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Troy S. Brown**
  tsbrown@morganlewis.com

- **Scott D. Gilchrist**
  sgilchrist@cohenandmalad.com,jsmock@cohenandmalad.com

- **Karen Pieslak Pohlmann**
  kpohlmann@morganlewis.com

- **Willow E. Radcliffe**
  willowr@rgrdlaw.com,jdecena@rgrdlaw.com

- **Marc J. Sonnenfeld**
  msonnenfeld@morganlewis.com

- **Paul A. Wolfla**
  paul.wolfla@bakerd.com,betsy.smith@bakerd.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`